J. S67042/14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GEORGE EDWARD CLARITT, | : | |
| | : | |
| Appellant | : | No. 875 WDA 2014 |

Appeal from the PCRA Order May 12, 2014
In the Court of Common Pleas of Warren County
Criminal Division No(s).: CP-62-CR-0000390-2011

BEFORE: DONOHUE, MUNDY, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                    **FILED MARCH 16, 2015**

Appellant, George Edward Claritt, appeals from the order entered in the Warren County Court of Common Pleas denying, after an evidentiary hearing, his first Post Conviction Relief Act[1] ("PCRA") petition. This case returns to us after we remanded to have Robert Kinnear, Esq., comply with all the requirements of **Turner**/**Finley**[2] or file an advocate's brief. Appellant's counsel has filed a petition to withdraw. We grant counsel's petition and affirm the order below.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

We adopt the facts and procedural history set forth in the PCRA court's decision. *See* PCRA Ct. Op., 5/13/14, at 1-3. After an evidentiary hearing at which Appellant and his trial counsel testified, the PCRA court denied Appellant's petition on May 13, 2014. Appellant timely appealed.

On May 28, 2014, the trial court ordered Appellant to file and serve on the court a Pa.R.A.P. 1925(b) statement within twenty-one days. The docket does not reflect compliance with Pa.R.C.P. 236.[3] On June 16, 2014, Appellant filed a Rule 1925(b) statement but failed to serve a copy on the court. The PCRA court issued a Rule 1925(a) decision objecting to counsel's failure to serve the Rule 1925(b) statement.

Instantly, we ascertain whether Appellant complied with Pa.R.A.P. 1925(b)(1), which states in relevant part: "(1) ***Filing and service***.— Appellant shall file of record the Statement **and** concurrently shall serve the judge. Filing of record and service on the judge shall be in person or by mail . . . ." Pa.R.A.P. 1925(b)(1) (emphasis added). We must also examine whether the PCRA court strictly complied with Pa.R.C.P. 236 when it ordered a Rule 1925(b) statement. ***See In re L.M.***, 923 A.2d 505, 509-10 (Pa. Super. 2007) (holding, "strict application of the bright-line rule [of Rule 1925 waiver] necessitates strict interpretation of the rules regarding **notice** of

---

[3] We discuss this in further detail below.

Rule 1925(b) orders." (citation omitted)); **see also** Pa.R.Crim.P. 114(B)-(C); Pa.R.A.P. 1925(b)(2).

Rule 236 states in pertinent part:

> **Rule 236. Notice by Prothonotary of Entry of Order or Judgment**
>
> (a) The prothonotary shall immediately give written notice of the entry of
>
> *   *   *
>
> (2) any other order or judgment to each party's attorney of record or, if unrepresented, to each party. The notice shall include a copy of the order or judgment.
>
> (b) The prothonotary shall note in the docket the giving of the notice and, when a judgment by confession is entered, the mailing of the required notice and documents.

Pa.R.C.P. 236(a)(2), (b). Rule 236 mandates that the prothonotary give "written notice of the entry of a court order to each party and to note **on the docket** that notice was given." **Id.** at 510 (emphasis added).

> If the docket does **not** show that notice of the entry of a Rule 1925(b) order was provided to an appellant, then we will **not** conclude that the appellant's issues have been waived for failure to file a Rule 1925(b) statement. That a party may have actually received notice is **not** determinative under circumstances where the docket does not reflect that notice was sent.

**In re L.M.**, 923 A.2d at 510 (emphases added and citations omitted).

In this case, Appellant's counsel inexplicably failed to serve the PCRA judge a copy of the Rule 1925(b) statement. **See** Pa.R.A.P. 1925(b). We decline to find waiver, however, as the docket failed to reflect notice of the

entry of the order on Appellant. *See In re L.M.*, 923 A.2d at 510. Because counsel's failure to comply with well-settled law does not result in waiver of Appellant's issues on appeal, we return to the procedural history.

Previously, Appellant's counsel filed a *Turner*/*Finley* brief with this Court without, *inter alia*, filing a petition to withdraw and complying with all the requirements of *Turner*/*Finley*. Appellant filed a *pro se* petition requesting, *inter alia*, a *Grazier*[4] hearing. This panel struck counsel's brief, forwarded to counsel Appellant's *pro se* petition per *Commonwealth v. Jette*, 23 A.3d 1032, 1044 (Pa. 2011) (holding, "once the brief has been filed, any right to insist upon self-representation has expired"), and ordered counsel to, *inter alia*, comply with *Turner*/*Finley*.

Appellant's counsel filed another petition to withdraw with this Court. Because counsel's *Turner*/*Finley* petition was deficient, we denied his petition and remanded to have counsel file a proper petition or an advocate's brief within thirty days. Appellant has again filed another *Turner*/*Finley* brief.

Appellant's counsel raises the following issue:

> Is [Appellant's] claim of ineffective assistance of counsel without merit?

Appellant's *Turner*/*Finley* Brief at 4.

---

[4] *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998).

Prior to addressing the issues raised in the **Turner/Finley** brief, we examine the following in evaluating counsel's petition to withdraw:

> [I]ndependent review of the record by competent counsel is required before withdrawal is permitted. Such independent review requires proof of:
>
> 1) A "no-merit" letter by PCRA counsel detailing the nature and extent of his review;
>
> 2) The "no-merit" letter by PCRA counsel listing each issue the petitioner wished to have reviewed;
>
> 3) The PCRA counsel's "explanation", in the "no-merit" letter, of why the petitioner's issues were meritless;
>
> 4) The PCRA court conducting its own independent review of the record; and
>
> 5) The PCRA court agreeing with counsel that the petition was meritless.

**Commonwealth v. Widgins**, 29 A.3d 816, 817-18 (Pa. Super. 2011) (alterations and citations omitted). Further, the **Widgins** Court explained:

> The Supreme Court [in **Commonwealth v. Pitts**, 981 A.2d 875 (Pa. 2009),] did not expressly overrule the additional requirement imposed by [**Commonwealth v. Friend**, 896 A.2d 607 (Pa. Super. 2006),] decision, *i.e.*, that PCRA counsel seeking to withdraw contemporaneously forward to the petitioner a copy of the application to withdraw that includes (i) a copy of both the "no-merit" letter, and (ii) a statement advising the PCRA petitioner that, in the event the trial court grants the application of counsel to withdraw, the petitioner has the right to proceed *pro se*, or with the assistance of privately retained counsel.

*Id.* at 818. Instantly, we have reviewed counsel's petition to withdraw and conclude it complies with the requirements set forth by the *Widgins* Court. *See id.* Accordingly, we proceed.

Appellant contends that on direct appeal, a claim should have been raised that trial counsel was ineffective during the jury selection process. He asserts that counsel refused to cooperate with him during *voir dire*. We hold Appellant is not entitled to relief.

"On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error." *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1267 (Pa. 2008). Furthermore, where there is support for a PCRA court's credibility determinations, the reviewing court is bound by those determinations. *Commonwealth v. Abu-Jamal*, 720 A.2d 79, 93-94 (Pa. 1998).

With respect to claims of counsel's ineffectiveness, we state the following as background:

> [C]ounsel is presumed to have provided effective representation unless the PCRA petitioner pleads and proves that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable basis for his or her conduct; and (3) Appellant was prejudiced by counsel's action or omission. To demonstrate prejudice, an appellant must prove that a reasonable probability of acquittal existed but for the action or omission of trial counsel. A claim of ineffective assistance of counsel will fail if the petitioner does not meet any of the three prongs. Further, a PCRA petitioner must exhibit a concerted effort to develop his

> ineffectiveness claim and may not rely on boilerplate allegations of ineffectiveness.

**Commonwealth v. Perry**, 959 A.2d 932, 936 (Pa. Super. 2008) (punctuation marks and citations omitted).

In determining whether counsel's action was reasonable, the court does not consider "whether there were other more logical courses of action" counsel could have pursued, but simply examines whether counsel's decision had any reasonable basis. **Commonwealth v. Washington**, 927 A.2d 586, 594 (Pa. 2007). Conversely, to merit relief, counsel's action, given all the other available alternatives, must be "so unreasonable that no competent lawyer would have chosen it." **Commonwealth v. Miller**, 431 A.2d 233, 234 (Pa. 1981) (citation omitted).

A failure to satisfy any prong of the test for ineffectiveness requires rejection of the claim. **Washington**, 927 A.2d at 594. "In the context of a PCRA proceeding, [the defendant] must establish that the ineffective assistance of counsel was of the type 'which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.'" **Id.** (citations omitted). The defendant must establish actual prejudice, or demonstrate that the alleged act of ineffectiveness falls within a narrow range of circumstances in which there is a presumption of prejudice. **Commonwealth v. Reed**, 971 A.2d 1216, 1224-25 (Pa. 2009).

After careful consideration of the record, the parties' briefs, and the decision of the Honorable Maureen A. Skerda, we affirm on the basis of the PCRA court's opinion. *See* App. A to PCRA Ct. Op., 5/13/14, at 7-8 (holding trial counsel's testimony was more credible than Appellant's testimony; trial counsel testified he informed Appellant of his rights and that Appellant did not communicate with counsel or attempt to participate in jury selection process). We have also conducted our own independent review of the record and discern no meritorious issues. *See Widgins*, 29 A.3d at 818. Consequently, having discerned no legal error, we grant counsel's petition to withdraw and affirm the order below. *See Abu-Jamal*, 941 A.2d at 1267; *Perry*, 959 A.2d at 936.

Petition to withdraw granted. Order affirmed.

Judge Donohue joins the memorandum.

Judge Mundy concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/16/2015